# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Kenneth Carl Dargatz,            Case No. 19-48347-MBM
                                             Chapter 7
                                             Honorable Marci B. McIvor

    Debtor.
_____/

FRED J. DERY, TRUSTEE,

    Plaintiff,

                                               Adversary Case No: 19-_____

    v.

HEALTH ALLIANCE
PLAN OF MICHIGAN,

    Defendant.
_____/

# **COMPLAINT**

Fred J. Dery ("Plaintiff" or "Trustee"), in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Kenneth Carl Dargatz, through his counsel, the Taunt Law Firm, and for his Complaint against Defendant Heath Alliance Plan of Michigan, states as follows:

1

## Jurisdiction, Venue, and Parties

1. The United States District Court for the Eastern District of Michigan has jurisdiction of this case pursuant to 28 U.S.C. §1334 and is the proper venue for this case pursuant to 28 U.S.C. §1409.

2. Pursuant to L.R. 83.50 (E.D. MI), the U.S. District Court for the Eastern District of Michigan has referred this case to this Bankruptcy Court for adjudication.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H) and/or (O) for which the Court has authority to enter a final judgment.

4. As required by Fed. R. Bankr. P. 7008, Plaintiff consents to the entry of final orders and judgments in this case by this Bankruptcy Court.

5. Plaintiff is the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of the Debtor and files this complaint in that capacity.

6. Plaintiff is authorized to commence this action pursuant to 11 U.S.C. §323 as the representative of the bankruptcy estate of Debtor Kenneth Carl Dargatz (the "Debtor").

7. Defendant Heath Alliance Plan of Michigan ("Defendant HAP") is a Michigan nonprofit corporation. Upon information and belief, its resident agent is Michelle Johnson Tidjani, Esq. and its registered office is located at HFHS Governance Office, One Ford Place 5B, Detroit, MI 48202-3450.

## General Allegations

8. On June 4, 2019 (the "Petition Date"), the Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code, thus commencing Bankruptcy Case No. 19-48347-MBM, Eastern District of Michigan.

9. At all pertinent times prior to the Petition Date, property of the Debtor consisted, in part, of certain funds held in a Bank of America checking account.

10. Prior to the Petition Date, the Debtor made substantial payments to Defendant HAP for obligations of a third party.

11. The Debtor made payments to Defendant HAP at the expense of his creditors while the Debtor was insolvent; the same creditors whose debts the Debtor now seeks to discharge.

12. The Debtor had no legal obligation to make payments to Defendant HAP.

13. This case seeks to avoid payments made to Defendant HAP by the Debtor.

## COUNT I - AVOIDANCE OF HAP TRANSFERS AND FOR RECOVERY OF SAME AGAINST DEFENDANT HAP

14. Plaintiff incorporates each and every other paragraph of this Complaint as though fully set forth herein.

15. On or around October 2, 2018, the Debtor made a payment from his personal Bank of America checking account of $37,138.06 to Defendant HAP on

account of a certain insurance plan (Group # xxxx3366-1000) issued to a third party (hereinafter, the "First HAP Transfer").

16. On or around October 2, 2018, the Debtor made a second payment from his personal Bank of America checking account of $3,774.48 to Defendant HAP on account of a certain insurance plan (Group # xxxx3667-1000) issued to a third party (hereinafter, the "Second HAP Transfer") (the First HAP Transfer and the Second HAP Transfer are collectively referred to herein as the "HAP Transfers").

17. The HAP Transfers were made by the Debtor using funds belonging to him and were paid from Debtor's personal Bank of America checking account.

18. Being an obligation of a third party, the Debtor had no contractual obligation with Defendant HAP to make the HAP Transfers.

19. Being an obligation of a third party, the Debtor had no statutory obligation with Defendant HAP to make the HAP Transfers.

20. Being an obligation of a third party, the Debtor otherwise had no legal obligation to make the HAP Transfers.

21. The Debtor did not receive reasonably equivalent value in exchange for the HAP Transfers. In fact, upon information and belief, the Debtor did not receive any concrete or quantifiable value in exchange for the HAP Transfers.

22. The value of the Debtor's non-exempt assets at the time of the HAP Transfers was less than the Debtor's assets at such time.

23. Accordingly, the Debtor was insolvent at the time of the HAP Transfers.

24. Specifically, at the time of the HAP Transfers, the Debtor owed Fifth Third Bank and Elizabeth Taylor, Trustee, in excess of $1,000,000.00 each. At the time of the HAP Transfers, creditor Elizabeth Taylor, Trustee was actively garnishing the Debtor based on a judgment she received years earlier.

25. Conversely, based on the Debtor's schedules and records available to the Trustee, the value of Debtor's assets at the time of the HAP Transfers was limited to approximately $400,000 in equity in real property owned by the Debtor and his wife and non-exempt personal property of less than $100,000 in value.

26. Moreover, to the extent that the value of the Debtor's non-exempt assets at the time of the HAP Transfers was not less than the Debtor's debts at the time, the HAP Transfers caused the Debtor to become insolvent.

27. The HAP Transfers occurred within six (6) years of the Petition Date and are avoidable pursuant to 11 U.S.C. § 544 because a creditor existed at the time of the HAP Transfers (namely Fifth Third Bank and Elizabeth Taylor, Trustee) that could avoid the HAP Transfers pursuant to MCL § 566.35(1) based on the facts alleged herein.

28. Alternatively, because the HAP Transfers occurred within two years of the Petition Date, the Trustee may avoid the HAP Transfers pursuant to 11 U.S.C. § 548(a)(1)(B) based on the facts alleged herein..

29. The HAP Transfers were made by the Debtor directly to Defendant HAP for Defendant HAP's benefit. As such, the Trustee may recover the value of the HAP Transfers from Defendant HAP, to the extent avoided, pursuant to 11 U.S.C. § 550(a).

WHEREFORE, Plaintiff respectfully requests that this Court i) avoid the HAP Transfers, ii) enter judgment in Plaintiff's favor and against Defendant HAP in the amount of $40,912.54 pursuant to 11 U.S.C. § 550(a), plus taxable costs and interest allowable by statute, and iii) grant such other relief that this Court deems just and proper.

**THE TAUNT LAW FIRM**

By: /s/ Dean R. Nelson, Jr. (P70818)
Attorneys for Plaintiff
700 E. Maple, 2nd Floor
Birmingham, Michigan 48009
248-644-7800
dnelson@tauntlaw.com

Dated: November 5, 2019